IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BETHANY VILLAGE CENTRE, LLC,                    Case No. 3:18-cv-01873-SB

              Plaintiff,                                         **ORDER**

       v.

PETCO ANIMAL SUPPLIES STORES, INC.,

              Defendant.

**BECKERMAN, U.S. Magistrate Judge.**

       Plaintiff Bethany Village Centre, LLC ("Bethany Village") filed this action against

defendant Petco Animal Supplies Stores, Inc. ("Petco"), alleging breach of contract and seeking

a declaratory judgment regarding the parties' rights and obligations under a 10-year commercial

lease. Bethany Village now moves to amend its original complaint to add a claim for breach of

the implied covenant of good faith and fair dealing. (ECF No. 20.) For the reasons stated below,

the Court will allow further briefing before ruling on Bethany Village's motion.

## BACKGROUND

       Bethany Village and Petco entered into a 10-year commercial lease in January 2013.

(Compl. ¶ 3.) Section 11 of the lease provided that "the Shopping Center is and will remain

substantially retail in character and, further, no part of same shall be used as an auditorium, meeting hall, school or other place of public assembly . . ." (Compl. ¶ 5.) On or about February 16, 2018, Petco gave notice to Bethany Village that Bethany Village was in default under the terms of the lease because it allowed a "preschool/childcare center" to operate at the shopping center. (Compl. ¶ 5.). In March 2018, Petco terminated the lease, effective June 24, 2018, due to Bethany Village's alleged breach of Section 11. (Compl. ¶ 7.)

In its proposed amended complaint, Bethany Village alleges that the addition of the preschool to the shopping center was not a "legitimate" or Petco's "true" reason for terminating the lease. (First Am. Compl. ¶ 24.) Rather, on information and belief, Bethany Village alleges that Petco's true reason for terminating the lease was the financial performance of the store. (First Am. Compl. ¶ 27.)

## ANALYSIS

## I.  LEGAL STANDARD

"Whether to grant leave to amend is committed to the sound discretion of the district court." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL–CIO, 770 F.3d 834, 845 (9th Cir. 2014)*. The Ninth Circuit has emphasized that "[t]he standard for granting leave to amend is generous," *United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011)* (citation omitted), because the purpose of Rule 15(a) is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States, 795 F.3d 1012, 1020 (9th Cir. 2015)* (citation omitted). Courts generally consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls., 655 F.3d at 995*. However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of L.A., 759 F.3d 1112, 1114, 1116 (9th Cir. 2014)* (citing *Bonin v.*

*Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Petco does not oppose Bethany Village's proposed amendment on the grounds of delay, prejudice, bad faith, or prior amendment. Thus, leave to amend turns on whether the proposed amendment would be futile. *See Corinthian Colls.*, 655 F.3d at 995 (making the same observation).

The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted); *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss."). To survive a Rule 12(b)(6) "motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. DISCUSSION

### A. Motion for Leave to Amend

Petco opposes adding the proposed claim for breach of the implied covenant of good faith and fair dealing on futility grounds, arguing that the implied duty of good faith in the performance of a contract cannot "contradict an express contractual term or otherwise provide a remedy for an unpleasantly motivated act that is expressly permitted by the contract." (Def.'s Opp'n at 7 (*citing Zygar v. Johnson*, 169 Or. App. 638, 645 (2000))). Petco argues that it could not have breached the implied duty of good faith and fair dealing by exercising its contractual right to terminate the lease when Bethany Village violated Section 11. (Def.'s Opp'n at 8-9).

Bethany Village responds that Petco's termination was not permitted by the terms of the lease because Section 11 refers to a "school" and the preschool at issue is not a "school." (Pl.'s

Reply at 2.) Bethany Village argues that because the terms of the lease did not allow Petco to terminate, Petco's ulterior motivation for terminating the lease supports a claim for breach of the implied covenant of good faith. (Pl.'s Reply at 2.)

At oral argument, the Court shared its concern that Bethany Village's bad faith claim is *either* at odds with the express terms of the contract (if Petco had a contractual right to terminate the lease under Section 11), or it is redundant because it targets the same conduct as the breach of contract claim (*i.e.,* Petco's termination of the lease under Section 11).[1] *See, e.g., Stonebrae, L.P. v. Toll Bros., Inc.*, No. C-08-0221 EMC, 2010 WL 114010, at *7 (N.D. Cal. Jan. 7, 2010) ("Because [the plaintiff's] claim for breach of the implied covenant is either redundant or at odds with the express terms of the contract, the Court denies [the plaintiff's] first proposed amendment."). Put more simply, either Petco breached the lease (and Bethany Village prevails), or it did not breach the lease (and Petco prevails), rendering the breach of the implied duty claim superfluous. Allowing both claims to go forward allows Bethany Village to inquire into motive on a breach of contract claim, which is generally not permissible.

Bethany Village requested an opportunity to provide additional briefing, which the Court will allow.[2] Specifically, the parties should address whether, under Oregon law, a plaintiff may plead a breach of the implied covenant of good faith claim based on the same conduct as its breach of contract claim (here, Petco's termination of the lease under Section 11). *See, e.g., Pierry, Inc. v. Thirty-One Gifts, Inc.*, No. 17-cv-03074-MEJ, 2017 WL 4236934, at *5 (N.D. Cal.

---

[1] At oral argument, Bethany Village acknowledged that its breach of contract and proposed breach of the implied covenant claims target the same conduct: Petco's termination of the lease under Section 11 based on the addition of the preschool in the shopping center.

[2] When Bethany Village filed its three-page motion for leave to amend, it understood that Petco did not intend to oppose the motion. In addition, the hearing on the motion was set on an expedited basis at the parties' request in light of scheduled depositions.

Sept. 25, 2017) (applying California law and dismissing claim for breach of the implied covenant because it relied on the same facts as the breach of contract claim and was therefore "redundant"); *see also Doyle v. Mastercard Int'l Inc.*, 700 F. App'x 22, 24 (2d Cir. 2017) (applying New York law and affirming dismissal of breach of the implied covenant claim as "duplicative of the claim for breach of contract").

### B. Discovery Issues

The parties also requested a discovery hearing to determine whether the appropriate scope of discovery includes inquiry into the motives underlying Petco's termination of the lease.[3] That issue turns in large part on whether the Court allows Bethany Village to amend its complaint to include the proposed breach of the implied covenant claim. Pending that determination, any discovery regarding Petco's motives underlying its termination of the lease is not relevant or proportional to the needs of the case. The Court will revisit its holding upon ruling on Bethany Village's motion for leave to amend.

### CONCLUSION

For the foregoing reasons, the Court requests additional briefing as discussed herein. Bethany Village may file its supplemental brief (not to exceed ten pages) on or before March 8, 2019; Petco may file its response (not to exceed ten pages) on or before March 15, 2019; and Bethany Village may files its reply (not to exceed five pages) on or before March 22, 2019.

DATED this 1st day of March, 2019.

_____
STACIE F. BECKERMAN
United States Magistrate Judge

---

[3] Bethany Village has requested sweeping discovery into, among other things, Petco's business plans, strategic plans, and forecasts, both nationally and regionally, for a nine-year period.