IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BETHANY VILLAGE CENTRE, LLC,                     Case No. 3:18-cv-01873-SB

            Plaintiff,                          **OPINION AND ORDER**

      v.

PETCO ANIMAL SUPPLIES STORES, INC.,

            Defendant.

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Bethany Village Centre, LLC ("Bethany Village") filed this action against

defendant Petco Animal Supplies Stores, Inc. ("Petco"), alleging breach of contract and seeking

a declaratory judgment on the parties' rights and obligations under a ten-year commercial lease.

(ECF No. 1.) Bethany Village now moves for leave to amend its original complaint to add a

claim for breach of the implied covenant of good faith and fair dealing. (ECF No. 20.) For the

following reasons, the Court denies Bethany Village's motion for leave to amend.

## BACKGROUND

      Bethany Village and Petco entered into a ten-year commercial lease in January 2013.

(Compl. ¶ 3.) Section 11 of the lease provided that "the Shopping Center is and will remain

substantially retail in character and, further, no part of same shall be used as an auditorium, meeting hall, school or other place of public assembly[.]" (Compl. ¶ 5.) On or about February 16, 2018, Petco gave notice to Bethany Village that it was in default under the terms of the lease because it allowed a "preschool/childcare center" to operate at the shopping center. (Compl. ¶ 5.) In March 2018, Petco terminated the lease, effective June 24, 2018, due to Bethany Village's alleged breach of Section 11. (Compl. ¶ 7.)

In its proposed amended complaint, Bethany Village alleges that the addition of the preschool to the shopping center was not a "legitimate" or Petco's "true" reason for terminating the lease. (First Am. Compl. ¶ 24.) Rather, on information and belief, Bethany Village alleges that Petco's true reason for terminating the lease was the financial performance of the store. (First Am. Compl. ¶ 27.)

## ANALYSIS

## I.      STANDARD OF REVIEW

"Whether to grant leave to amend is committed to the sound discretion of the district court." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL–CIO, 770 F.3d 834, 845 (9th Cir. 2014)*. The Ninth Circuit has emphasized that "[t]he standard for granting leave to amend is generous," *United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011)* (citation omitted), because the purpose of Rule 15(a) is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States, 795 F.3d 1012, 1020 (9th Cir. 2015)* (citation omitted). Courts generally consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls., 655 F.3d at 995*. However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of L.A., 759 F.3d 1112, 1114, 1116 (9th Cir. 2014)* (citing *Bonin v.*

*Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Petco does not oppose Bethany Village's proposed amendment on the grounds of delay, prejudice, bad faith, or prior amendment. Thus, leave to amend turns on whether the proposed amendment would be futile. *See Corinthian Colls.*, 655 F.3d at 995 (making the same observation).

The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted); *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss."). To survive a Rule 12(b)(6) "motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.    DISCUSSION

Petco opposes on futility grounds adding Bethany Village's proposed claim for breach of the implied covenant of good faith and fair dealing, arguing that the implied duty of good faith in the performance of a contract cannot "'contradict an express contractual term or otherwise provide a remedy for an unpleasantly motivated act that is expressly permitted by the contract.'" (Def.'s Opp'n at 7 (*quoting Zygar v. Johnson*, 169 Or. App. 638, 645 (2000); *see also* Def.'s Supp. Resp. at 3, 6.) Petco argues that it could not have breached the implied duty by exercising its express contractual right to terminate the lease when Bethany Village violated Section 11. (Def.'s Opp'n at 8-9). Bethany Village responds that the lease did not allow Petco to terminate because Section 11 refers to a "school" and the preschool at issue is not a "school." (Pl.'s Reply at 2.) Bethany Village argues that because the terms of the lease did not allow Petco to terminate,

Petco's ulterior motive for terminating supports a claim for breach of the implied covenant of good faith and fair dealing. (Pl.'s Reply at 2.)

Oregon "law imposes a duty of good faith and fair dealing in the performance and enforcement of every contract." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or. 599, 615 (1995) (citations omitted). This duty "serves to protect the objectively reasonable contractual expectations of the parties." *Stevens v. Foren*, 154 Or. App. 52, 58 (1998) (citations omitted). Petco is correct that under Oregon law, the duty of good faith "cannot contradict an express contractual term," and cannot "provide a remedy for an unpleasantly motivated act that is permitted expressly by contract." *Zygar*, 169 Or. App. at 645 (citing *Stevens*, 154 Or. App. at 58); *see also Or. Univ. Sys. v. Or. Pub. Emps. Union, Local 503*, 185 Or. App. 506, 511 (2012) (noting that the duty of good faith and fair dealing "may be implied as to a disputed issue only if the parties have not agreed to an express term that governs that issue"); *U.S. Nat'l Bank of Or. v. Boge*, 311 Or. 550, 567 (1991) ("[T]he obligation of good faith does not vary the substantive terms of the bargain[.]") (en banc).

Thus, under Oregon law, if the lease allowed Petco to terminate when Bethany Village added a preschool to the shopping center (and if Petco did not waive its right to terminate), Petco will prevail on the breach of contract claim even if its termination of the lease was unpleasantly motivated (e.g., for financial or any other reason). If the lease so allowed, Petco would also necessarily prevail on Bethany Village's proposed bad faith claim. *See Marshall v. Wells Capital Mgmt., Inc.*, No. 07-309-HU, 2007 WL 4565164, at *9 (D. Or. Dec. 19, 2007) ("Conduct consistent with the terms of the contract cannot serve as the basis of a claim of violation of the duty of good faith.").

On the flip side, if Bethany Village prevails on its breach of contract claim because the lease did not allow Petco to terminate, Bethany Village's proposed claim that Petco breached in bad faith is superfluous. *See N. Clackamas Cnty Water Com'n v. Siemens Water Tech. Corp.*, No. 3:13-cv-01441-ST, 2014 WL 197811, at *9 (D. Or. Jan. 14, 2014) (applying Oregon law and dismissing bad faith claim as "superfluous" where "the contract [] contains express provisions governing all aspects of the alleged breach"); *see also Doyle v. Mastercard Int'l Inc.*, 700 F. App'x 22, 24 (2d Cir. 2017) (applying New York law and affirming dismissal of bad faith claim as "duplicative of the claim for breach of contract"); *Pierry, Inc. v. Thirty-One Gifts, LLC*, No. 17-cv-03074-MEJ, 2017 WL 4236934, at *5 (N.D. Cal. Sept. 25, 2017) (applying California law and dismissing bad faith claim because it relied on the same facts as the breach of contract claim and was therefore "redundant"); *Stonebrae, L.P. v. Toll Bros., Inc.*, No. C-08-0221 EMC, 2010 WL 114010, at *7 (N.D. Cal. Jan. 7, 2010) ("Because [the plaintiff's] claim for breach of the implied covenant is either redundant or at odds with the express terms of the contract, the Court denies [the plaintiff's] first proposed amendment."). Thus, Bethany Village's proposed bad faith claim is either at odds with the express terms of the lease, or it is redundant of its breach of contract claim.

Bethany Village acknowledges that its bad faith claim arises out of the same conduct as its breach of contract claim (i.e., Petco's termination pursuant to section 11 of the lease), but asks the Court to allow it to plead an independent bad faith claim based on its allegation that Petco was deceptive about the "true" reasons for terminating the lease, citing *Vukanovich v. Kine*, 268 Or. App. 623 (2015).[1] In *Vukanovich*, the parties entered into an agreement to purchase a parcel

---

[1] Following oral argument on Bethany Village's motion for leave to amend, the Court allowed additional briefing on whether Oregon law allows a plaintiff to plead a bad faith claim based on the same conduct as its breach of contract claim. (Order at 4.) In their supplemental

of real property together. Before the deal closed, the defendant informed the plaintiff "both that he no longer wanted to pursue the transaction with plaintiff and that he was not interested in purchasing the property at all." *Id.* Unbeknownst to the plaintiff, the defendant had devised an alternative plan to purchase the property without the plaintiff. *Id.* at 630. The jury returned a verdict for the plaintiff on all claims, including both breach of contract and breach of the implied duty claims, but the court entered judgment for the defendant notwithstanding the verdict.

On appeal, the Oregon Court of Appeals reversed, finding support for the jury's verdict on the plaintiff's breach of contract claim based on the fact that the defendant "refused to close on the purchase and subsequently repudiated the contract." *Id.* The Court also found that the evidence supported the jury's verdict on the bad faith claim, because "defendant lied to plaintiff about the reasons for not closing the . . . purchase of the property from the bank *and* used confidential information provided by plaintiff to develop a more lucrative plan for the property that cut out plaintiff[.]" *Id.* (emphasis added).The Court summarized the conduct that supported the jury's verdict on both contract claims as follows: "defendant's refusal to complete the purchase of the property with plaintiff, his surreptitious use of the information that plaintiff had provided him to devise a more favorable transaction for himself and his other business partners, and his lies to plaintiff about his reasons for not closing the deal." *Id.* at 638.

---

briefing, neither party cited to, and the Court has not located any, decisions from the Oregon Supreme Court directly addressing this question. "When the highest court of a state has not directly spoken on a matter of state law, a federal court sitting in diversity must generally use its own best judgment in predicting how the state's highest court would decide the case." *T-Mobile USA Inc. v. Selective Ins. Co. of Am.*, 908 F.3d 581, 586 (9th Cir. 2018) (citation and quotation marks omitted). "In making this prediction," federal courts must consider "all available data," *id.* (citations omitted), including "other state-court decisions, well-reasoned decisions from other jurisdictions, and any other available authority to determine the applicable state law." *Asante v. Cal. Dep't of Health Care Servs.*, 886 F.3d 795, 799 (9th Cir. 2018) (citation and quotation marks omitted).

Petco is correct that *Vukanovich* did not squarely address whether a plaintiff may bring a bad

faith claim where the alleged bad faith is governed by the same express contract term at issue in

a breach of contract claim. In any event, *Vukanovich* is distinguishable from this case because

the *Vukanovich* defendant engaged in bad faith that was not specifically addressed by the

contract terms, such as sharing the plaintiff's confidential financial information with third

parties. Although *Vukanovich* arguably allows an independent bad faith claim for conduct that

*includes* deception about the reasons underlying a breach of contract, it does not allow a plaintiff

to bring a bad faith claim based *solely* on allegations that the defendant engaged in bad faith

while exercising a right specifically addressed by an express term in the contract. *See Or. Univ.

Sys.*, 185 Or. App. at 511 (noting that the duty of good faith and fair dealing "may be implied as

to a disputed issue only if the parties have not agreed to an express term that governs that issue");

*U.S. Nat'l Bank of Or.*, 311 Or. at 567 ("[T]he obligation of good faith does not vary the

substantive terms of the bargain[.]").

Because Oregon law does not allow an independent bad faith claim where an express

term of the contract addresses the disputed issue, Bethany Village has failed to state an

independent claim that Petco breached in bad faith. This Court's interpretation of Oregon law is

consistent with several other opinions in this district, both pre-dating and post-dating

*Vukanovich,* dismissing bad faith claims premised on the exercise of an express contract term.

*See, e.g., Cutler v. U.S. Bank Nat'l Ass'n*, No. 3:18-cv-01045-YY, 2019 WL 157919, at *3 (D.

Or. Jan. 9, 2019) (collecting Oregon and federal cases and dismissing bad faith claim because

"[a]s the cases indicate, when an express contractual term governs the disputed issue, the proper

claim is a breach of express contract"); *Ri Ky Roofing & Sheet Metal, LLC v. DTL Builders, Inc.*,

No. 6:17-cv-01592-JR, 2018 WL 1528790, at *2 (D. Or. Feb. 7, 2018) (dismissing the plaintiff's

bad faith claim as "duplicative" because the plaintiff failed to "identify any facts evincing the breach of any objectively reasonable contractual expectation outside the express terms of the contract"); *Glob. Exec. Mgmt. Sols., Inc. v. Int'l Bus. Machs. Co.*, 260 F. Supp. 3d 1345, 1377 (D. Or. 2017) (dismissing the plaintiff's bad faith claim as "duplicative" because the plaintiff "fail[ed] to identify anything other than an express term of the contract that Defendant allegedly breached"); *N. Clackamas Cty. Water Com'n*, 2014 WL 197811, at *9 (dismissing the plaintiff's bad faith claim as "superfluous" where "the contract [] contains express provisions governing all aspects of the alleged breach"); *Marshall*, 2007 WL 4565164, at *9 (dismissing the plaintiff's bad faith claim with prejudice where the contract "expressly address[ed]" the conduct upon which the plaintiffs based their good faith claim).

The core issue in this case is whether the express terms of the lease allowed Petco to terminate the lease after Bethany Village allowed a preschool to move into the shopping center. The lease either permitted Petco to terminate, or it did not, and the lease terms expressly address that issue. Therefore, Bethany Village's proposed bad faith claim is *either* at odds with the express terms of the contract, or it is redundant of its breach of contract claim, and Bethany Village's proposed amendments to its original complaint are futile.

## CONCLUSION

For the reasons stated, the Court DENIES Bethany Village's motion for leave to amend (ECF No. 20), and ORDERS the parties to file a joint proposed case management schedule by June 4, 2019.

**IT IS SO ORDERED.**

DATED this 30th day of May, 2019.

_____
STACIE F. BECKERMAN
United States Magistrate Judge